IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATALIE ELIZABETH MARIE ALLEN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )    Case No. 23-cv-402-RAW-DES |
| LELAND DUDEK,[1] Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned Magistrate Judge for a report and recommendation. Pursuant to 42 U.S.C. § 405(g), Plaintiff Natalie Elizabeth Marie Allen ("Claimant") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act (the "Act"). For the reasons set forth below, the undersigned Magistrate Judge recommends that the Commissioner's decision denying benefits be AFFIRMED.

**I.     Statutory Framework and Standard of Review**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

---

[1] Effective February 17, 2025, Leland Dudek, Acting Commissioner of Social Security, is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). No further action is necessary to continue this suit by reason of 42 U.S.C. § 405(g).

than 12 months." 42 U.S.C. § 423(d)(1)(A). To be deemed disabled under the Act, a claimant's impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 416.920(a)(4). This process requires the Commissioner to consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a medically determinable severe impairment(s); (3) whether such impairment meets or medically equals a listed impairment set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) whether the claimant can perform her past relevant work considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can perform other work considering the RFC and certain vocational factors. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). If it is determined, at any step of the process, that the claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).

A district court's review of the Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of judicial review under § 405(g) is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's factual findings are supported by substantial evidence. *See Noreja v. Soc. Sec. Comm'r,* 952 F.3d 1172, 1177 (10th Cir. 2020). Substantial evidence is more than a scintilla but means only "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). In

conducting its review, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Noreja,* 952 F.3d at 1178 (quotation omitted). Rather, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted).

## II.     Claimant's Background and Procedural History

In November 2021, Claimant applied for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Act. (R. 21, 246-70). Claimant alleges she has been unable to work since an amended onset date of March 31, 2019, due to migraines, social anxiety, depression, anemia, and fatigue. (R. 47, 292). Claimant was 42 years old on the date of the ALJ's decision. (R. 34, 45). She has a college education and past relevant work as a wholesale sales representative and as an assistant manager – retail store. (R. 62, 293).

Claimant's claims for benefits were denied initially and on reconsideration, and she requested a hearing. (R. 67-106, 150-51). ALJ Edward Starr conducted an administrative hearing and issued a decision on March 22, 2023, finding Claimant not disabled. (R. 21-34, 40-66). The Appeals Council denied review on September 27, 2023 (R. 1-6), rendering the Commissioner's decision final. 20 C.F.R. §§ 404.981, 416.1481. Claimant filed this appeal on November 9, 2023. (Docket No. 2).

## III.    The ALJ's Decision

In his decision, the ALJ found Claimant met the insured status requirements of the Act through June 30, 2022. (R. 23). At step one, the ALJ concluded that Claimant had not engaged in substantial gainful activity since her original alleged onset date of January 20, 2017. (R. 21). At step two, the ALJ found Claimant had the severe impairments of migraines, grade 2 diastolic

dysfunction, depression, anxiety, and posttraumatic stress disorder ("PTSD"). (R. 23). At step three, the ALJ found Claimant's impairments did not meet or equal a listed impairment. (R. 24-25).

Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the following non-exertional limitations:

> can understand, remember and carry out simple instructions, can respond to supervision that is simple, direct and concrete; can occasionally interact with supervisors and coworkers and cannot interact with the public; must avoid hazards including moving machinery and unprotected heights, no ropes, ladders or scaffolds; must avoid vibrations and loud noises like highway sounds.

(R. 25). The ALJ provided a summary of the evidence that went into this finding. (R. 26-32).

At step four, the ALJ concluded that Claimant could not return to her past relevant work. (R. 32). Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five that Claimant could perform other work existing in significant numbers in the national economy, including housekeeper/office cleaner, price tagger/retail marker, and clerical router. (R. 32-33). Accordingly, the ALJ concluded Claimant was not disabled. (R. 33).

**IV.  Issues Presented**

Claimant asserts the ALJ's findings at step five are not supported by substantial evidence because the ALJ failed to resolve a conflict between the VE's testimony and: (1) the reasoning level assigned by the Dictionary of Occupational Titles ("DOT") to the price tagger/retail marker, and clerical router jobs (Docket No 12 at 7-8, Docket No. 19 at 1-3) ; and (2) the DOT description of the housekeeper/office cleaner job as it relates to Claimant's public interaction limitation (Docket No. 12 at 8-9). The undersigned Magistrate Judge finds no reversible error in the ALJ's decision.

V.     Analysis

     A.     No Conflict Between Claimant's RFC and Jobs with Level Two Reasoning

Once Claimant met her burden of showing she could not perform her past relevant work, the Commissioner had the burden "at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given her age, education, and work experience." *Lax,* 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005) (alteration omitted)). The ALJ may rely on the testimony of a VE to satisfy the step-five burden and identify jobs that a claimant can perform, so long as all the RFC limitations are reflected in the hypothetical question propounded to the VE. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.").

In this case, the ALJ posed a hypothetical question to the VE that matched the RFC assessment set forth above. (R. 25, 62). In response, the VE identified three light, unskilled jobs a person with Claimant's age, education, and work history could perform: housekeeper/office cleaner, price tagger/retail marker, and clerical router. (R. 62-63). Based on this testimony, the ALJ concluded Plaintiff could perform the jobs of housekeeper/office cleaner, price tagger/retail marker, and clerical router and found these jobs existed in significant numbers in the national economy. (R. 32-33). The ALJ also determined that the VE's testimony was consistent with the information contained in the DOT. (R. 33).

Claimant asserts the ALJ erred in concluding that her RFC is compatible with the jobs of price tagger/retail marker and clerical router, because an unresolved conflict exists between the RFC limitation of "understand, remember and carry out simple instructions" and the reasoning

level the DOT assigns to these jobs. (Docket No. 12 at 7-8). The DOT appends a "definition trailer" to each job, which is comprised of a number of selected occupational characteristics, including the General Educational Development ("GED") Scale. *See* DOT, App. C, 1991 WL 688702 (4th ed. 1991). The GED scale is divided into three subparts: Reasoning Development, Mathematical Development, and Language Development. *Id.* There are six levels for each GED Scale subpart, with level one representing the lowest development level and six representing the highest. *Id.*

The DOT assigns a reasoning level of two to the price tagger/retail marker and clerical router jobs. DOT §§ 209.587-034 (price tagger/retail marker), 222.587-038 (clerical router). This means the jobs require the ability to "[a]pply common sense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.*

Plaintiff specifically asserts the RFC limitation of "simple instructions" restricts her to jobs with a reasoning level of one, and thus a conflict exists between the RFC and the level two reasoning required by the price tagger/retail marker and clerical router jobs the VE identified at step five.[2] Plaintiff largely relies on *Brewer v. Comm'r of Soc. Sec. Admin.,* No. CIV-16-576-SPS, 2018 WL 4562918, at *3-4 (E.D. Okla. Sept. 24, 2018) (unpublished) as support for this premise. In *Brewer,* Magistrate Judge Steven P. Shreder reversed and remanded the ALJ's decision, finding an RFC limitation of "simple, repetitive tasks with routine supervision" created a conflict with jobs requiring level two reasoning. (*Id.* at 3). Although Judge Shreder found a conflict in *Brewer,* in his more recent decisions he has found no conflict between level two reasoning and the following RFC limitations: (1) "simple, routine, and repetitive tasks[,]" *Reith v. O'Malley,* No.

---

[2] The parties do not claim that there is a distinction between a limitation of "simple work" and the limitation of "simple instructions" the ALJ identified in this case. Thus, for purposes of this analysis, such terms are analogous.

CIV-24-204-SPS, 2024 WL 4564270, at *4 (E.D. Okla. Oct. 24, 2024) (unpublished); (2) "simple and routine tasks with routine supervision" that required the claimant to "understand, remember, and carry out simple instructions[,]" *Amador v. Kijakazi,* No. CIV-21-112-SPS, 2022 WL 3043643, at *2, 6 (E.D. Okla. Aug. 1, 2022) (unpublished); (3) "simple, repetitive tasks[,]" *Weller v. Kijakazi,* No. CIV-20-363-SPS, 2022 WL 879291, at *2, 6 (E.D. Okla. Mar. 24, 2022) (unpublished); and (4) "unskilled work which is simple, repetitive, and routine[,]" *Carpitcher v. Comm'r of Soc. Sec. Admin.,* No. CIV-19-190-JFH-SPS, 2021 WL 1137962, at *2-3 (E.D. Okla. Feb. 24, 2021) (unpublished), *report and recommendation adopted by,* 2021 WL 1123610 (E.D. Okla. Mar. 24, 2021) (unpublished). In fact, in <u>every</u> case since *Brewer* involving the same or similar issues, Judge Shreder has found no conflict between simple types of work and level two reasoning. The other Magistrate Judges in this District have also consistently reached similar conclusions. *See, e.g., Wheat-Cross v. King,* No. CIV-23-366-GLJ, 2025 WL 484812, at *4 (E.D. Okla. Feb. 13, 2025) (unpublished) (finding "a reasoning level of two *is consistent* with performing both simple tasks and simple instructions"); *Jackson v. Comm'r of Soc. Sec. Admin.,* No. CIV-22-365-JAR, 2024 WL 1530799, at *3 (E.D. Okla. Apr. 9, 2024) (unpublished) ("[A] level two reasoning level is consistent with an RFC limitation to simple and routine work tasks, following the Tenth Circuit case of *Hackett v. Barnhart,* 395 F.3d 1168, 1176 (10th Cir. 2005)."); *Williams v. Comm'r of Soc. Sec. Admin.,* No. CIV-21-351-KEW, 2023 WL 3094073, at *3-4, (E.D. Okla. Apr. 26, 2023) (unpublished) (finding no conflict between an RFC for "simple, routine, and repetitive tasks . . ." and jobs with a reasoning level of two).

Moreover, the Tenth Circuit has stated that an RFC limitation of simple and routine tasks "appears" consistent with level two reasoning. *Hackett,* 395 F.3d at 1176. The Tenth Circuit has also determined that an RFC limitation of "simple, repetitive and routine work" should not "be

7

construed as a limitation to jobs with a reasoning-level rating of one." *Stokes v. Astrue,* 274 F. App'x 675, 684 (10th Cir. 2008) (unpublished). Here, Claimant makes the same argument the Tenth Circuit rejected in *Stokes*, and her reliance on contrary case law both within and outside this District is misplaced. *See, e.g., Rainwater v. Colvin,* No. 15-CV-491-GKF-FHM, 2016 WL 1146894, at *2 (N.D. Okla. Sept. 21, 2016) (noting that, although the DOT "employ[s] the word 'detailed,' reasoning level 2 jobs are not inconsistent with" an RFC limitation of understanding, remembering, and carrying out simple instructions), *report and recommendation adopted*, 2016 WL 6561298 (N.D. Okla. Nov. 4, 2016); *Stone v. Kijakazi*, No. CIV-23-84-SM, 2023 WL 5058858, at *3 (W.D. Okla. Aug. 8, 2023) ("This Court has 'repeatedly rejected Plaintiff's argument and found that a limitation to understanding, remembering, and carrying out simple instructions does not create an apparent conflict with occupations requiring GED [r]easoning [l]evel 2.'") (quoting *Robertson v. Kijakazi*, No. CIV-21-1183-AMG, 2023 WL 1871110, at *3 (W.D. Okla. Feb. 9, 2023) (collecting cases)). Claimant fails to persuasively explain how her RFC is inconsistent with a GED reasoning level of two, particularly in light of the Tenth Circuit's findings in *Hackett* and *Stokes*. Accordingly, there is no conflict between Claimant's RFC limitation of "simple instructions" and the level two reasoning required by the price tagger/retail marker and clerical router jobs.

      **B.**      **Any Error Regarding the Housekeeper/Office Cleaner Job is Harmless**

Claimant next contends there is a conflict between her RFC limitation precluding public contact and the DOT description for the housekeeper/office cleaner job, which includes "render[ing] personal assistance to patrons" among the tasks performed in this occupation. DOT § 323.687-014. However, even assuming *arguendo* that Claimant is precluded from performing the housekeeper/office cleaner job, any such error is harmless. As set forth above, there is no

conflict between Claimant's RFC and the reasoning level required for the price tagger/retail marker and clerical router jobs, and the VE testified that there are "over 130,000" price tagger/retail marker jobs and "approximately 30,000" clerical router jobs in the national economy. (R. 63). Thus, between the two remaining jobs that do not pose a conflict, there are more than 160,000 jobs available nationally. While there is no bright-line rule as to how may jobs are sufficient to be significant as a matter of law, "the number appears to be somewhere between 100 . . . and 152,000." *Evans v. Colvin,* 640 F. App'x 731, 736-37 (10th Cir. 2016). The undersigned Magistrate Judge is satisfied that the 160,000 nationally-available price tagger/retail marker and clerical router jobs are sufficient to support the ALJ's step-five finding that there were jobs existing in significant numbers that Claimant could perform consistent with her RFC. Therefore, any error the ALJ may have made with respect to the housekeeper/office cleaner job is harmless and does not warrant reversal or remand. Accordingly, the ALJ's decision should be affirmed.

## VI.  Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES that ALJ applied the correct legal standards and that the Commissioner's decision is supported by substantial evidence. Accordingly, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision finding Claimant not disabled be AFFIRMED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 10th day of March, 2025.

_____
D. Edward Snow
United States Magistrate Judge